UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

QUENTIN A. MAROZZI,

              Plaintiff,

    v.

BLAKE   CATLIN,   TRINITY   FOOD,
INC.,[1]

            Defendants.

**DECISION AND ORDER**

6:24-CV-06489 EAW

---

*Pro se* plaintiff Quentin Marozzi ("Plaintiff") is confined at the Auburn Correctional Facility.  (Dkt. 11).  He filed a complaint requesting relief under 42 U.S.C. § 1983 and asserting that while confined at the Monroe County Jail, officials violated his rights to the free exercise of religion and to be protected from cruel and unusual punishment.  (Dkt. 1).  He also filed a motion to proceed *in forma pauperis*.  (Dkt. 2).

The Court granted Plaintiff's motion to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  (Dkt. 3) (the initial screening order).  That order dismissed Plaintiff's claims against Monroe County Jail without leave to amend; dismissed with leave to amend Plaintiff's claims against Blake Catlin ("Catlin") and Trinity Food, Inc. ("Trinity") in their official capacities; and permitted Plaintiff's

---

[1]      The Clerk of Court is requested to edit the docket sheet to reflect that Docket 7 is a "Second Amended Complaint."  As discussed below, the Court rejects Plaintiff's second amended complaint and, therefore, the Clerk of Court need not add the defendants named in that document.

Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim, First Amendment free exercise of religion claim, and Fourteenth Amendment conditions of confinement claim against Catlin and Trinity in their individual capacities to proceed to service. (*Id.* at 11-12).

Plaintiff timely filed an amended complaint (Dkt. 4), which the Court screened under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. However, in screening the amended complaint the Court observed that Plaintiff had failed to redact information that the Court's initial screening order directed him to redact. (*See* Dkt. 3 at 11). The Court struck the amended complaint and directed Plaintiff to re-file in accordance with the Court's previous order. (Dkt. 5). On November 19, 2024, Plaintiff timely re-filed his now-redacted amended complaint. (Dkt. 6). But before the Court entered its order screening the amended complaint, Plaintiff filed a second amended complaint. (Dkt. 7).

For the reasons that follow, the Court rejects the second amended complaint as exceeding the parameters of the leave that was given to file an amended complaint and deems Plaintiff's amended complaint (Dkt. 6) the operative pleading. Plaintiff's official capacity claims are dismissed as abandoned and his RLUIPA claim is dismissed as moot. Plaintiff's free exercise and conditions of confinement claims against Catlin and Trinity in their individual capacities will proceed to service.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The Court shall dismiss a

complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).

## I.    THE SECOND AMENDED COMPLAINT

The Court rejects Plaintiff's second amended complaint (Dkt. 7) because it asserts new claims against new defendants.  In its original screening order, the Court liberally construed Plaintiff's allegations to assert claims against Catlin and Trinity under RLUIPA, the First Amendment's free exercise clause, the Fourteenth Amendment's due process clause, and as requesting relief pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).  (Dkt. 3 at 6-10).  The Court permitted Plaintiff's free exercise, RLUIPA, and conditions of confinement claims to proceed to service upon Catlin and Trinity and granted permission to amend to attempt to state a plausible official capacity claim.  (*Id.* at 11-13).  The Court did not grant leave to amend to supplement the complaint with new claims and new defendants.

Because the addition of new claims against new defendants falls outside the scope of the amendment permitted in the Court's previous Order, rejection of the second amended complaint is warranted.  *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (noting that courts in this Circuit "routinely dismiss[] claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted") (collecting cases); *Bravo v. Established Burger One, LLC*, No. 12

Civ. 9044 (CM), 2013 WL 5549495, at *5 (E.D.N.Y. Oct. 8, 2013) (dismissing claims in the plaintiff's second amended complaint because "the newly asserted claims are different claims, on behalf of a different class, and because [they] exceed[] the scope of the Court's orders").

A party may amend a pleading once "as a matter of course" no later than 21 days after service. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). At this stage, because Plaintiff has already amended his pleading, but service is not complete, additional claims and defendants can only be added "with . . . the court's leave." *Id.* If Plaintiff wishes to add additional claims or defendants, he must seek permission to do so by filing a properly supported motion for leave to amend. *See* Loc. R. Civ. P. 15; Fed. R. Civ. P. 15; *Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *7 (W.D.N.Y. Dec. 14, 2023) (where new claims against a new defendant fell outside the scope of the amendment permitted in the Court's previous orders, the Court informed the plaintiff that the path to adding his new claims was "to attempt to pursue a motion to amend, if appropriate, through formal motion practice").[2]

---

[2]     Even if the Court accepted Plaintiff's second amended complaint, it does not comply with the minimal pleading requirements set forth in Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. While *pro se* litigants are entitled to have their complaints construed "liberally," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), they are "not exempt[ed] . . . from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). A *pro se* litigant's "technical pleading irregularities" need not be excused if they "undermine the purpose of notice pleading" or "prejudice the adverse party." *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005).

## II.    THE AMENDED COMPLAINT

In evaluating a complaint or an amended complaint, the Court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The initial screening order apprised Plaintiff of the elements required to plausibly allege claims against Catlin and Trinity in their official capacities.  (Dkt. 3 at 9-10). Plaintiff's amended complaint names Catlin and Trinity in their individual capacities only. (Dkt. 6 at 2).  Additionally, the facts alleged do not suggest any of the elements required to plausibly allege official capacity claims against these defendants.  (*Id.* at 10-12). Accordingly, the claims against Catlin and Trinity in their official capacities are dismissed as abandoned.  *See Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998) ("the question of abandonment is one of intent"), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

The Court's screening order apprised Plaintiff that RLUIPA claims are limited to injunctive relief.  (*See* Dkt. 3 at 7 citing *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir.

---

Accordingly, Plaintiff's failure to comply with Rule 8 and Rule 10 serves as an alternative basis for rejection or dismissal of the second amended complaint.

2013); *Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014)). After the Court entered its screening order, Plaintiff was transferred from the Monroe County Jail to the New York State Department of Corrections and Community Supervision. "It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996). Consequently, Plaintiff's RLUIPA claim requesting injunctive relief is now moot. Because attempt to amend would be futile, leave to amend the RLUIPA claim is denied. *See Booker v. Graham*, 974 F.3d 101, 107 (2d Cir. 2020) (affirming dismissal of RLUIPA claim as moot because the plaintiff had been transferred).

Plaintiff's free exercise and conditions of confinement claims against Catlin and Trinity in their individual capacities remain sufficiently pled to proceed to service.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's claims against Catlin and Trinity in their official capacities are dismissed as abandoned; Plaintiff's RLUIPA claims are dismissed as moot; and it is further

ORDERED that pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court requests that the Monroe County Attorney's Office ascertain the full names, with correct spelling, and last known service addresses of Catlin and Trinity. The County Attorney's Office need not undertake to defend or indemnify these defendants at this time. Rather, this Order merely provides a means by which Plaintiff may name and properly serve these defendants. The County Attorney's Office shall produce the information or provide a written statement of reasons why such identification is improper or impossible,

by May 9, 2025, by forwarding it to the Court's *Pro Se* Unit, United States District Court, 100 State Street, Rochester, New York 14614.[3]  Once the Court receives this information, the Clerk of Court shall update the docket sheet as appropriate, the amended complaint shall be deemed amended to reflect any corrections to the names of the defendants, summonses shall issue, and the Court directs service on the defendants.  Should the *Valentin* response return personally identifiable information such as a home address, the contact information shall be given to the Marshals Service solely for the purpose of serving the summons and complaint; this information will otherwise remain confidential; and it is further

ORDERED that upon receipt of the *Valentin* response, the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, the amended complaint (Dkt. 6), the initial screening order (Dkt. 3), and this Decision and Order upon Catlin and Trinity without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that upon service, pursuant to 42 U.S.C. § 1997e(g), Catlin and Trinity shall answer or respond to the First Amendment free exercise claim and the Fourteenth Amendment conditions of confinement claim in the amended complaint (Dkt. 6); and it is further

---

[3]    If the response is instead filed on CM/ECF, it must be submitted by selecting "*Valentin* Response" under "Discovery Documents."  Responses filed using this method are reviewed by Court personnel before being made public.

ORDERED that the Clerk of Court is directed to forward a copy of this Decision and Order by mail to the Monroe County Attorney, 307 County Office Building, 39 W. Main St., Rochester, New York 14614; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must notify the Court in writing if his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:    April 9, 2025
         Rochester, New York

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

- 8 -